1
2
3
4
5
6
7
8
9

10        **UNITED STATES DISTRICT COURT**

11       **SOUTHERN DISTRICT OF CALIFORNIA**

12

| MONICA R. WERT,                    | Case No. 13-cv-3130-BAS(BLM)                                          |
|------------------------------------|-----------------------------------------------------------------------|
|                       Plaintiff,   | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |
|        v.                          | **[ECF No. 6]**                                                       |
| U.S. BANCORP, *et al.*,            |                                                                       |
|                     Defendants.    |                                                                       |

20

21       On November 13, 2013, Plaintiff Monica R. Wert commenced this employment

22   class action against Defendants U.S. Bancorp and U.S. Bank National Association

23   ("U.S. Bank") in the San Diego Superior Court.  Thereafter, Defendants removed this

24   action to this Court.  Defendants now move to dismiss the complaint under Federal

25   Rule of Civil Procedure 12(b)(6).  Plaintiff opposes.

26       The Court finds this motion suitable for determination on the papers submitted

27   and without oral argument.  *See* Civ. L.R. 7.1(d.1).  For the following reasons, the

28   Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss.

## I.      BACKGROUND

"[W]ithin the last year," Plaintiff alleges that she worked for Defendants as a bank teller. (Compl. ¶ 27.)  According to Plaintiff, she complied with the exhaustion requirements of the Private Attorney General Act of 2004 ("PAGA") by "providing notice by certified letter on October 7, 2013, to Defendants and the LWDA concerning the PAGA claims Plaintiff intends to pursue."[1]  (*Id.* ¶ 15(e).)

Plaintiff alleges that "[t]he wage statements Defendants furnished, and continue to furnish, to Plaintiff and other California employees did not meet the requirements of California Labor Code § 226(a), including by failing to: (1) show the total hours worked by the employee; (2) adequately show the deductions from wages; (3) itemize the dates in prior pay periods to which adjustments were made; [and] (4) itemize the inclusive dates of the pay period, including the pay period begin date[.]" (Compl. ¶¶ 30, 36, 56.)  According to Plaintiff, these omissions caused her and Defendants' other California employees injuries.  (*Id.*)

Plaintiff also alleges that "Defendants oftentimes did not provide Plaintiff with meal breaks during the work day." (Compl. ¶¶ 31, 43.)  She adds that "Defendants made a record of these violations with their meal period pay." (*Id.* ¶ 44.)  Furthermore, "[i]n order to perform their duties, Plaintiff and Business Expense Class Members were required to use business related materials" and the cost of those materials were deducted from the employees' wages.  (*Id.* ¶ 32.)

On November 13, 2013, Plaintiff commenced this employment class action against Defendants in the San Diego Superior Court.  Plaintiff asserts six claims in her complaint for: (1) violation of California Labor Code § 226(a) brought under PAGA; (2) violation of California Labor Code § 512 brought under PAGA; (3) violation of California Labor Code § 2802 brought under PAGA; (4) violation of California Labor Code § 226; (5) violation of California Labor Code § 2802; and (6) unfair competition.

---

[1] The acronym "LWDA" stands for California Labor and Workforce Development Agency. (Compl. ¶ 3.)

13cv3130

On December 20, 2013, Defendants removed this action to this Court. They now move to dismiss the complaint in its entirety under Rule 12(b)(6). Plaintiff opposes.

## II.    LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alteration in original). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other grounds). Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions. *Id.* It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

As a general rule, a court freely grants leave to amend a complaint which has been dismissed. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## III.   DISCUSSION

Plaintiff asserts six claims that broadly fall within one of three categories of alleged violations: (1) failure to provide compliant wage statements in violation of Labor Code § 226(a); (2) failure to provide meal periods under Labor Code § 512 and Wage Order No. 4-2001 ¶ 11; and (3) failure to reimburse for business expenses under Labor Code § 2802. The Court will address the adequacy of each claim below.

### A.   Wage Statements (Labor Code § 226(a))

Defendants argue that Plaintiff's wage-statement claims should be dismissed because (1) Plaintiff's underlying Labor Code § 226(a) claim is an improper basis for a Labor Code § 2699(f) claim because Labor Code § 226(e) provides a preexisting penalty for violations of Labor Code § 226(a); and (2) Plaintiff fails to allege sufficient facts to satisfy the federal pleading standard for the wage-statement claims. (Defs.'

1   Mot. 5:6–10:9.)  Plaintiff disputes both of Defendants' grounds for dismissal.  (Pl.'s

2   Opp'n 14:1–16:2, 16:21–17:21.)

3

4           **1.      Availability of Labor Code PAGA Penalties**

5           Defendants argue that dismissal of the claim for violation of Labor Code §

6   226(a) under PAGA is warranted on the grounds that PAGA penalties are not available

7   to Plaintiff because Labor Code § 226(e) already provides for penalties.  (Defs.' Mot.

8   6:4–7:17.)  They explain that Labor Code § 2699(f) is "PAGA's 'stop-gap' provision

9   which provides for a set amount of penalties per pay period for violations of the Labor

10  Code '***except those for which a civil penalty is specifically provided.***'"  (*Id.* (emphasis

11  in original).)  Defendants direct the Court to the language of Labor Code §§ 226(e) and

12  2699(f) in addition to a San Francisco Superior Court opinion.[2]  (*Id.*)

13          Defendants astutely identify language in Labor Code § 226.3 that provides a civil

14  penalty for any employer that violates Labor Code § 226(a).  And because Labor Code

15  § 2699(f) provides "gap-filler penalties" to aggrieved employees *except* for violations

16  for which a civil penalty is specifically provided, the existence of the Labor Code §

17  226.3's civil penalties forecloses the possibility of pursuing a claim for the same Labor

18  Code § 226(a) violations under PAGA.

19          The most relevant case that Plaintiff cites in her opposition is *McKenzie v.*

20  *Federal Express Corp.*, 765 F. Supp. 2d 1222, 1231-32 (C.D. Cal. 2011), where the

21  plaintiff also sought to recover penalties under § 2699(f) of PAGA based on the

22  defendant's violations of Labor Code § 226(a).  Concluding that the plaintiff is

23  permitted to pursue the claims under both Labor Code §§ 226(a) and 2699(f), the court

24  adopted the reasoning of *Lopez v. G.A.T. Airline Ground Support, Inc.*, No. 09-CV-

25  2268, 2010 WL 2839417, at *6 (S.D. Cal. July 19, 2010), which concluded that

26

27          [2] Defendants request judicial notice of an unpublished opinion from the San Francisco Superior
    Court under Federal Rule of Evidence 201.  (ECF No. 6-2.)  This opinion is not pertinent to the
28  disposition of this order.  Therefore, the Court **DENIES AS MOOT** Defendants' request for judicial
    notice.

"because Section 226 does not provide a penalty, Section 2699(f) penalties are available."  Neither *McKenzie* nor *Lopez* recognized the existence of Labor Code § 226.3, which provides a penalty for Labor Code § 226(a) violations.  Consequently, this Court declines to reach the same conclusion as those reached in *McKenzie* and *Lopez*.

The statutory language is clear that PAGA is not meant to allow double recovery to a plaintiff.  Therefore, the Court **GRANTS** Defendants' motion to dismiss as to Plaintiff's first claim for alleged Labor Code § 226(a) violations brought under PAGA.

## 2.    Adequacy of Factual Allegations

Section 226(a) requires every employer to provide to each of its employees an accurate, itemized statement in writing showing:

> (1) gross wages earned, (2) total hours worked by the employee . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions . . . (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer . . . and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee[.]

Cal. Lab. Code § 226(a).  "To recover damages under section 226, subdivision (e), an employee must suffer injury as a result of a knowing and intentional failure by an employer to comply with the statute."  *Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1142 (2011).

Defendants cite *Rodriguez v. Old Dominion Freight Line, Inc.*, No. CV 13-891, 2013 WL 6184432, at *6 (C.D. Cal. Nov. 27, 2013), to support their argument that the claim is inadequately pled.  In *Rodriguez*, the plaintiffs alleged that the defendant's wage statements failed to record "all regular time worked, regular wages earned, all meal and rest premium wages earned, all wages earned including minimum and regular wages, which resulted in inaccurate wage statements."  Ultimately dismissing the

claim, the court concluded that the plaintiffs' allegations were "insufficient to survive the pleading requirements of Rule 8" because the claim "merely parrots the statute and 'tenders naked assertion[s] devoid of further factual enhancement.'" *Rodriguez*, 2013 WL 6184432, at *6 (quoting *Iqbal*, 556 U.S. at 678).  The court went on to further explain that "[i]t is unclear from the Complaint whether Plaintiffs' § 226(a) claim is predicated entirely on their failed meal and rest break claims, or whether [the defendant's] wage statements omitted items other than the 'regular time worked' and 'regular wages earned' tied to the unwarranted meal and rest periods." *Id.*

In response, Plaintiff directs the Court's attention to *Yuckming Chiu v. Citrix Systems, Inc.*, No. SA CV 11-1121, 2011 WL 6018278, at *5 (C.D. Cal. Nov. 23, 2011).  In *Yuckming Chiu*, the plaintiff alleged that the defendant "intentionally failed to furnish . . . itemized wage statements accurately showing, among other things, total hours worked, the applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate." *Yuckming Chiu*, 2011 WL 6018279, at *6.  As a result, the plaintiff was injured because the failure to furnish itemized statements hindered him from determining the amount of overtime wages owed and caused him to not receive full compensation. *Id.*  The plaintiff further alleged that she was also damaged because she could "only reconstruct a reasonable estimate of the hours worked and [was], therefore, not receiving full compensation." *Id.*  The court denied the defendant's motion to dismiss this claim, reasoning that "[i]t is well established that failure to provide information that results in an employee's confusion over whether he has received all wages owed and forces an employee to make mathematical computations to analyze whether the wages paid in fact compensated him are sufficient injuries." *Id.* (citing *Cicairos v. Summit Logistics, Inc.*, 133 Cal. App. 4th 949, 955 (2005)).

The circumstances in this case are more accurately reflected in *Yuckming Chiu* than *Rodriguez*.  Plaintiff alleges that various pieces of required information were not included in the wage statements, but also adds that the failure was intentional and

"render[ed] them unable to determine whether Defendants properly recorded their hours worked and makes it impossible to tell whether they were properly compensated for all pay earned at the proper rates." (*See* Compl. ¶¶ 30, 36, 56.)  It is clear from the allegations in the complaint describing the various omissions that Defendants' potential liability is placed squarely under the scope of Labor Code § 226(a).  Though to some extent the allegations of wrongful conduct may "parrot" the statutory requirements, there is not much more a plaintiff can do than to allege that certain required pieces of information among the nine listed under Labor Code § 226(a) were omitted from a wage statement.  The omission itself is the wrongful conduct in this circumstance. Therefore, the Court finds that Plaintiff adequately pleads his Labor Code § 226(a) claim.

Accordingly, the Court **DENIES** Defendants' motion to dismiss as to Plaintiff's fourth claim for alleged Labor Code § 226(a) violations.

## B.    Meal Periods (Labor Code § 512 and IWC[3] Wage Order No. 4-2001)

Defendants argue that Plaintiff's meal-period claim should be dismissed because (1) the National Bank Act preempts California's meal-period laws because they would "dictate the operations of U.S. Bank's California Branches"; and (2) Plaintiff fails to plead facts sufficient to establish a plausible meal-period-violation claim under the federal pleading standard. (Defs.' Mot. 10:10–18:25.)  Plaintiff again disputes both of Defendants' grounds for dismissal.  (Pl.'s Opp'n 3:14–13:27, 17:22–18:21.)

California law "obligates employers to afford their nonexempt employees meal periods and rest periods during the workday." *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1018 (2012).  Labor Code § 512(a) provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes." *See also* Cal. IWC Wage Order No. 4-2001 ¶ 11.  "An employer may not employ an employee for a

---

[3] The acronym "IWC" stands for Industrial Welfare Commission.

work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes." Cal. Lab. Code § 512(a). Under certain circumstances, meal periods may be waived by mutual consent of the employer and employee. *Id.*

The employer satisfies its obligation if "it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break, and does not impede or discourage them from doing so." *Brinker*, 53 Cal. 4th at 1040. The statute and corresponding wage order do not require employers to "police meal breaks and ensure no work thereafter is performed"; "bona fide relief from duty and the relinquishing of control satisfies the employer's obligations." *Id.* at 1040-41.

Here, the allegations that "Defendants oftentimes did not provide Plaintiff with meal breaks during the work day," and "Defendants often failed to provide first and sometimes second meal periods to Plaintiffs and Defendants' other California employees" are the only factual allegations that Plaintiff asserts to support his Labor Code § 512 claim. These allegations do not address the Labor Code § 512's requirements other than in a cursory manner. For example, it is unclear whether Plaintiff is even within the scope of Labor Code § 512 because she does not allege anywhere that she was an employee who worked over five hours in a day. Furthermore, the qualification that these missed meal periods occurred "often" or "sometimes" make the factual allegations uncertain. Consequently, because there are not "enough facts to state a claim to relief that is plausible on its face," the bareness of the allegations is tantamount to conclusory assertions that Defendants violated a statute and not much more. *See Twombly*, 550 U.S. at 570. Thus, Plaintiff fails to adequately allege facts that raise the "right to relief above the speculative level." *See id.* at 555.

//

//

//

1   Accordingly, the Court **GRANTS** Defendants' motion to dismiss as to Plaintiff's

2   second claim for alleged Labor Code § 512 violations.[4]

3

4   **C.    Reimbursement (Labor Code § 2802)**

5   Defendants argue that each of Plaintiff's reimbursement claims based on alleged

6   Labor Code § 2802 violations should be dismissed for failure to plead sufficient facts

7   that establish a plausible claim under the federal pleading standard.  (Defs.' Mot.

8   19:1–21:26.)  Plaintiff responds by arguing that the "[c]omplaint provides a detailed

9   factual basis for her unreimbursed business expenses claim[.]"   (Pl.'s Opp'n

10  18:22–19:11.)

11  Labor Code § 2802(a) provides that "[a]n employer shall indemnify his or her

12  employee for all necessary expenditures or losses incurred by the employee in direct

13  consequence of the discharge of his or her duties."  "Necessary expenditures or losses"

14  include all "reasonable costs."  Cal. Lab. Code § 2802(c).  "To demonstrate that an

15  employer has violated § 2802, a plaintiff must show that: (1) he or she is an employee;

16  (2) he or she incurred necessary expenses either in the discharge of his or her duties or

17  in obeying the employer's directions; and (3) the employer failed to reimburse the

18  plaintiff for such expenses."  *Dismone v. Allstate Ins. Co.*, No. C 96-36606 CW, 1999

19  WL 33226248, at *7 (N.D. Cal. Sept. 14, 1999); *see also Gattuso v. Harte-Hanks*

20  *Shoppers, Inc.*, 42 Cal. 4th 554, 567-68 (2007).  Additionally, the employer "must

21  either know or have reason to know that the employee has incurred [the] expense."

22  *Marr v. Bank of Am.*, No. C 09-5978, 2011 WL 845914, at *1 (N.D. Cal. Mar. 8, 2011).

23  Here, the only relevant factual allegations that Plaintiff assert are that

24  "Defendants deducted the costs of these [business related] materials from Plaintiff's

25  ───────────────

26  [4] Though Defendants also argue that the National Bank Act preempts California's meal-period laws, the Court need not address that issue at this time. However, it notes that the following cases

27  suggest that  the meal-period laws are not preempted: *Garrett v. Bank of America*, No. 13-cv-5263, 2014 WL 1648759 (N.D. Cal. Apr. 24, 2014), and *Garibaldi v. Bank of America Corp.*, No. C 13-

28  2223, 2014 WL 172284 (N.D. Cal. Jan. 15, 2014).

and Business Expense Class Members' wages," and "Plaintiff and Business Expense Class Members have been required to incur and pay for expenses in the discharge of their employment duties[.]"  (Compl. ¶¶ 32, 51, 61.)  However, these allegations are inadequate to sustain Plaintiff's reimbursement claim.  The glaring fact that Plaintiff fails to allege is that Defendants failed to reimburse Plaintiff for necessary expenses that she incurred.  She also fails to allege facts that show that the costs for the "business related materials" fall within the scope of Labor Code § 2802 as a "necessary expense."  Without more, the Court cannot conclude that Labor Code § 2802 even applies to the minimal facts asserted.

Accordingly, the Court **GRANTS** Defendants' motion to dismiss as to Plaintiff's third and fifth claims based on alleged Labor Code § 2802 violations.  Consequently, the Court also **GRANTS** Defendants' motion to dismiss as to Plaintiff's sixth claim for unfair competition brought under California Business and Professions Code § 17200 because it is predicated on Plaintiff's reimbursement claim, which has been dismissed. (*See* Compl. ¶ 67.)

## IV.  CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss. (ECF No. 6.)  Specifically, the Court denies the motion as to Plaintiff's fourth claim for violations of Labor Code § 226(a), and grants the motion as to all of the remaining claims and dismisses those claims.  The Court also:

    (1)    **GRANTS** Plaintiff's request for leave to amend, whereby if Plaintiff chooses to file an amended complaint as to any of the claims dismissed by this order, she must do so no later than **July 14, 2014** (*see* Pl.'s Opp'n 23:1–24:12);

    (2)    **DENIES** Defendants' motion to dismiss all claims against U.S. Bancorp, and strike all mentions of U.S. Bancorp in the complaint because Plaintiff adequately alleges that both defendants employed her (*see* Defs.' Mot.

22:1–24:1); and

(3)   **DENIES** Defendants' motion for a more definite statement as to any claims not dismissed by this order under Federal Rule of Civil Procedure 12(e) because Defendants fail to provide adequate grounds to justify granting such relief (*see* Defs.' Mot. 24:2–23).

**IT IS SO ORDERED.**

**DATED: June 23, 2014**

**Hon. Cynthia Bashant**
**United States District Judge**

13cv3130