1
2
3
4
5
6
7
8                   **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   MONICA R. WERT, Individually and       Case No. 13-cv-3130-BAS(BLM)
     on Behalf of Other Members of the
12   Public Similarly Situated,             **ORDER GRANTING IN PART
                                            AND DENYING IN PART
13                              Plaintiff,   PLAINTIFF'S MOTION FOR
                                            LEAVE TO FILE SECOND
14                                          AMENDED COMPLAINT**

15          v.                              **[ECF No. 22]**

16   U.S. BANCORP, *et al.*,

17                             Defendants.

18   _____

19          On November 13, 2013, Plaintiff Monica R. Wert commenced this employment

20   class action against Defendants U.S. Bancorp and U.S. Bank National Association

21   ("U.S. Bank" or "USB") in the San Diego Superior Court.  Thereafter, Defendants

22   removed this action to federal court.  Plaintiff now moves for leave to file a Second

23   Amended  Complaint  ("SAC")  under  Federal  Rule  of  Civil  Procedure  15(a).

24   Defendants oppose.

25          The Court finds this motion suitable for determination on the papers submitted

26   and without oral argument.  *See* Civ. L.R. 7.1(d.1).  For the following reasons, the

27   Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion.

28   *//*

# I.    BACKGROUND[1]

"[W]ithin the last year," Plaintiff alleges that she worked for Defendants as a bank teller. (PSAC ¶ 25.)  According to Plaintiff, she complied with the exhaustion requirements of the Private Attorney General Act of 2004 ("PAGA") by "providing notice by certified letter on October 7, 2013, to Defendants and the LWDA concerning the PAGA claims Plaintiff intends to pursue."[2]  (*Id.* ¶ 13(e).)

Plaintiff alleges that "[t]he wage statements Defendants furnished, and continue to furnish, to Plaintiff and other California employees did not meet the requirements of California Labor Code § 226(a), including by failing to: (1) show the total hours worked by the employee; (2) adequately show the deductions from wages; (3) itemize the dates in prior pay periods to which adjustments were made; [and] (4) itemize the inclusive dates of the pay period, including the pay period begin date[.]"  (PSAC ¶¶ 28.)  Plaintiff alleges that these omissions caused her and Defendants' other California employees injuries.  (*Id.*)

Plaintiff also alleges that:

> During the four years preceding the filing of Plaintiff's original Complaint through the present, Defendants employed Plaintiff and Premium Pay Class Members who were regularly scheduled to work, and did work, more than five hours in a work day/work period.  There were days where Plaintiff and Premium Pay Class Members worked more than five hours and were not provided with meal periods and were, in fact, prevented from taking meal periods due to work.  Specifically, Plaintiff and Premium Class Members were unable to take their meal periods because they were required to attend to client needs, were required to cover the bank, and were required to complete urgent tasks assigned to them.  In these instances, their work prevented them from taking any meal period whatsoever, or, a timely meal period within the first five hours of work.  These missed and/or late meal periods were caused by work restrictions—not employees' desire or choice to skip or delay meal periods.  These employees did not waive their meal periods.

---

[1] These facts are taken from Plaintiff's Proposed SAC ("PSAC"), attached  as Exhibits 1 and 2 to Plaintiff's motion.

[2] The acronym "LWDA" stands for California Labor and Workforce Development Agency.

13cv3130

(PSAC ¶ 30.)  She adds that the specific dates when Defendants allegedly failed to provide meal periods "may be ascertained through a review of their time and pay records," and were also "documented on employees' itemized wage statements through the payment of 'Penalty Py' [sic] and/or 'other paid' and/or 'other pai' [sic]." (*Id.* ¶¶ 31–32.)  The missed meal-period pay also allegedly "did not account for non-discretionary, production bonus compensation paid to them and other compensation required to be included in their regular rate of pay." (*Id.* ¶ 34.)

On November 13, 2013, Plaintiff commenced this employment class action against Defendants in the San Diego Superior Court.  On December 20, 2013, Defendants removed this action to this Court. On July 14, 2014, Plaintiff filed her First Amended Complaint ("FAC") after being given leave by the Court.  Defendants' motion to dismiss the FAC, which is fully briefed, is currently pending before the Court.  Plaintiff now moves for leave to file a SAC under Rule 15(a).  The Proposed SAC drops two claims from the FAC filed pursuant to California Labor Code § 2802, but adds one claim on behalf of the class for failure to provide meal periods and pay proper premium wages in violation of California Labor Code §§ 512 and 226.7. Defendants oppose the motion.

## II.   LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been served, a party may amend its complaint only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires," and apply this policy with "extreme liberality." *Id.*; *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). However, leave to amend is not to be granted automatically. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)).  Granting leave to amend rests in the sound discretion of the district court. *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir.

1996).

The Court considers five factors in assessing a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the amendment, and (5) whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The party opposing amendment bears the burden of showing any of the factors above. *See DCD Programs*, 833 F.2d at 186. Of these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). However, absent prejudice, a strong showing of the other factors may support denying leave to amend. *See id.*

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Futility is a measure of the amendment's legal sufficiency. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment . . . that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Thus, the test of futility is identical to the one applied when considering challenges under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *Baker v. Pac. Far E. Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal. 1978); *see Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend . . . where the amended complaint would be subject to dismissal." (citation omitted)).

## III.   DISCUSSION

Defendants argue that Plaintiff's proposed amendment is futile, unduly delayed, and prejudicial. The futility challenge is specifically directed at Plaintiff's new claim for violations of the California Labor Code §§ 226.7(a) and 512. Alternatively, if Plaintiff is granted leave, Defendants contend the "newly-added claims should not relate back to the filing of the original complaint because they arise from new facts not

originally pled and proper notice was not imparted to USB." (Defs.' Opp'n 23:14–24:12.) The Court will address each factor below.

### A. Futility

Defendants contend that it would be futile to allow Plaintiff to amend because her new claim has "no basis in law." They spend considerable time focusing on Plaintiff's interpretation of the "regular rate of compensation" language in § 226.7.[3] (*See* Defs.' Opp'n 3:8–21:9.) According to Defendants, the § 226.7 requirement that the employer "pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided" should be limited to an employee's "normal hourly rate," and equating "regular rate of compensation" to "regular rate of pay"—the latter of which the parties agree is a term of art—is improper. "Regular rate of pay" takes into account compensation beyond the normal hourly rate, including commissions and non-discretionary bonuses. *See* Cal. Labor Code §510(a). Plaintiff's position is that the "regular rate" language requires meal-period pay at the same regular rate upon which overtime is compensated. (Pl.'s Reply 2:10–3:8.)

The relevant language in § 226.7 states the following:

> If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's *regular rate of compensation* for each workday that the meal or rest or recovery period is not provided.

Cal. Labor Code § 226.7(c) (emphasis added). In comparison, the relevant language from § 510 discussing the "regular rate of pay" states:

//

//

---

[3] There is, however, no discussion addressing the futility of Plaintiff's non-PAGA § 512 claim.

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the *regular rate of pay* for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the *regular rate of pay* for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the *regular rate of pay* of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

Cal. Labor Code § 510(a) (emphasis added).

In *Bradescu v. Hillstone Restaurant Group, Inc.*, No. SACV 13-1289, 2014 WL 5312546, at *7-8 (C.D. Cal. Sept. 18, 2014), the court concluded that "there is no authority supporting the view that 'regular rate of compensation,' for purposes of meal period compensation, is to be interpreted the same way as 'regular rate of pay' is for purposes of overtime compensation." After reviewing the plain language of § 510(a), § 226.7(c), and the IWC Wage Order 5-2001 § 11(B), it explained that "the legislature's choice of different language is meaningful, in the absence of authority to the contrary." *Bradescu*, 2014 WL 5312546, at *7-8. Incidentally, the court also rejected the notion that *Seckler v. Kindred Healthcare Operating Group, Inc.*, No. SACV 10-01188, 2013 WL 812656 (C.D. Cal. Mar. 5, 2013), a case that Plaintiff cites, supports the idea that "regular rate of pay" and "regular rate of compensation" are equivalent, finding that the class-certification order was not a determination on the merits. *Bradescu*, 2014 WL 5312546, at *8.

In a different context, a district court addressed whether awards under §§ 226.7 and 510 were wages or penalties. *See Corder v. Houston's Rests., Inc.*, 424 F. Supp. 2d 1205, 1210 (C.D. Cal. 2006). In *Corder*, the court concluded that awards under § 226.7 were penalties under California law because "[w]hereas employers have no discretion in providing meal and rest breaks, employers have total discretion in requiring employees to work overtime hours." *Corder*, 424 F. Supp. 2d at 1210. The

court went on to further explain:

> An understaffed employer, if it feels it is in its best interest, can make the conscious decision to require an employee to work overtime. And if it does, the employer must compensate the employee by paying him or her wages at a rate of at least one and one-half times the employee's regular rate of pay. In contrast, an employer cannot likewise require an employee to forego meal and rest periods. If it does, the employer is guilty of a misdemeanor, subject to a fine and imprisonment, and must pay the employee one additional hour of pay at the employee's regular rate of compensation, no matter if the length of the break not provided was ten minutes or thirty minutes.

*Id.* (citations and footnote omitted). What is of particular importance is the court's different treatment of §§ 226.7 and 510: awards under § 226.7 are penalties, but awards under § 510 are wages. *Id.* at 1210-11.

This Court finds the reasoning in *Bradescu* and *Corder* persuasive. The plain language of §§ 226.7 and 510 does not suggest that the phrases "regular rate of compensation" is synonymous to and may be used interchangeably with "regular rate of pay." The very fact that the awards under §§ 226.7 and 510 are of a different nature for potential plaintiffs—awards being a penalty under § 226.7 and a wage under § 510—strongly suggests that the definition of the awards—i.e., "regular rate of compensation" versus "regular rate of pay"—are also different. *See Corder*, 424 F. Supp. 2d at 1210-11.

The *Bradescu* Court's observation of the legislature's choice of different language being meaningful is also compelling. *See Bradescu*, 2014 WL 5312546, at *7-8. The legislature had the opportunity to define awards under §§ 226.7 and 510 in the same manner, but it chose not to. This distinction between the use "regular rate of compensation" and "regular rate of pay" is not limited to meal / rest periods under § 226.7 and overtime under § 510. IWC Wage Order No. 4-2001 also limits "regular rate of compensation" to meal and rest periods and "regular rate of pay" to overtime. These distinctions in the use of particular language also lead this Court to the conclusion that the phrases "regular rate of compensation" and "regular rate of pay" are not synonymous and should not be used interchangeably.

In sum, the Court agrees with Defendants that it would be futile to grant leave to Plaintiff to pursue her proposed § 226.7 claim seeking an award based on the synonymous use of "regular rate of compensation" and "regular rate of pay." However, that conclusion does not necessarily mean that Plaintiff's §§ 226.7 and 512 claim as articulated in the proposed SAC would be futile in its entirety. The parties do not address the possibility that there is a cognizable claim under §§ 226.7 and 512 beyond the synonymous use of "regular rate of compensation" and "regular rate of pay." Thus, the Court cannot conclude that Plaintiff's proposed §§ 226.7 and 512 claim is futile in its entirety.[4]

## B.   Undue Delay and Prejudice

"Undue delay by itself . . . is insufficient to justify denying a motion to amend . . . [w]e have previously reversed the denial of a motion for leave to amend where the district court did not provide a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) (citations omitted). "As the Ninth Circuit reasoned in *Westlands Water District v. United States*, 'legal prejudice is . . . prejudice to some legal interest, some legal claim, some legal argument . . . [u]ncertainty because a dispute remains unresolved is not legal prejudice.'" *Pershing Pac. W., LLC v. Ferretti Grp., USA, Inc.*, No. 10-CV-1345-L DHB, 2013 WL 3227942 (S.D. Cal. June 25, 2013) (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)).

The gist of Defendants' argument is that Plaintiff's year-long delay to include the §§ 226.7 and 512 claim is unjustified because it is a claim that "Plaintiff's lawyers simply failed to think of." (Defs.' Opp'n 22:10–21.) However, Plaintiff provides facts

---

[4] Defendants also argue that Plaintiff's § 203 waiting-time-penalty claim is also futile because it is predicated on a futile § 226.7 claim. Because Defendants fail to demonstrate that the proposed § 226.7 claim is futile in its entirety, they also fail to demonstrate that any proposed § 203 claim as predicated on the § 226.7 claim is also futile.

suggesting otherwise. In her motion, Plaintiff contends that "further investigation" and "additional legal research" prompted seeking leave to also pursue a §§ 226.7 and 512 claim. (Pl.'s Mot. 2:11–16.) But there is not enough in that assertion to demonstrate that Plaintiff knew or should have known to pursue the §§ 226.7 and 512 claim. Further investigation perhaps produced additional facts that alerted Plaintiff and her counsel to possible additional claims. Ultimately though, the burden is Defendants', and without more, Defendants fail to demonstrate that the delay is the result of merely "bringing [claims] . . . that [she] had not previously thought of[.]" *See Johnsen v. Rogers*, 551 F. Supp. 281, 284 (C.D. Cal. 1982).

Moving on to prejudice, though Plaintiff seeks leave to amend her complaint almost ten months after the initiation of this action, this action remains in the early stages of litigation. In fact, this action has not yet even moved beyond the pleading stage. And, as Plaintiff emphasizes, no discovery has been propounded. (Pl.'s Reply 9:10–10:14.) Moreover, Defendants fail to demonstrate that any additional cost that may have been incurred was prejudicial; they merely assert the conclusory proposition that they "will be forced to incur unnecessary litigation costs due to the late addition of new claims." (Defs.' Opp'n 22:22–23:4.)

Defendants fail to meet their burden demonstrating that they will be prejudiced by amendment. They also fail to make a "strong showing of the other factors [to] support denying leave to amend." *See Eminence Capital*, 316 F.3d at 1052.

## C.   Relation Back

Under Federal Rule of Civil Procedure 15, an "amendment to a pleading relates back to the date of the original pleading when: . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). "The relation back doctrine of Rule 15(c) is 'liberally applied.'" *Clipper Exxpress v. Rocky Mountain*

*Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1259 n.29 (9th Cir. 1982); *see also ASARCO*, 765 F.3d at 1005.  In determining whether the relation-back doctrine applies, the court compares the original complaint with the amended complaint and decides whether the claim to be added will likely be proved by the "same kind of evidence" offered in support of the original pleading.  *ASARCO*, 765 F.3d at 1004; *Percy v. San Francisco Gen. Hosp.*, 841 F.2d 975, 979 (9th Cir. 1988).  The court considers whether the "allegations of a new theory in an amended complaint . . . involve[] the same transaction, occurrence, or core of operative facts involved in the original claim."  *Percy*, 841 F.2d at 978 (quoting *Clipper Exxpress*, 690 F.3d at 1259 n.29) (internal quotation marks omitted).

"The requirement that the allegations in the amended complaint arise from the same conduct, transaction, or occurrence is meant to ensure that the original pleading provided adequate notice of the claims raised in the amended pleading."  *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 n.9 (9th Cir. 2008).  However, "a plaintiff need only plead the general conduct, transaction, or occurrence to preserve its claim against a defendant."  *ASARCO*, 765 F.3d at 1006.  When a defendant is notified of litigation concerning a particular transaction or occurrence, "the defendant knows that the whole transaction described in it will be fully sifted, by amendment if need be, and that the form of the action or the relief prayed or the law relied on will not be confined to their first statement."  *Id.* at 1006 (internal quotation marks omitted).  The exact contours of the plaintiff's claims, i.e., "the facts that will ultimately be alleged and the final scope of relief that will be sought, can and should be sorted out through later discovery and amendments to the pleadings."  *Id.*

It is not entirely clear what relief Defendants seek in requesting a determination that Plaintiff's newly added claims do not relate back.  Generally, "the relation back doctrine is a bar to a statute of limitations defense."  *Sarkizi v. Graham Packaging Co.*, No. 1:13-CV-1435, 2014 WL 6090417, at *5 (E.D. Cal. Nov. 12, 2014) (citing *Percy v. San Francisco Gen. Hosp.*, 841, F.2d 975, 979 (9th Cir. 1988)).  There is no mention

of any relevant statute of limitations that may bar the claims in Defendants' argument, which in its entirety states:

> Here, Plaintiff's new claim and predicate claims based on Section 226.7 violations, Sections 201-202 violations (failure to pay wages at termination) and corresponding Section 203 waiting time penalties are based on facts that ***were not previously alleged in the original Complaint.*** The rate at which premiums were paid was not at issue or pled, and so USB was not provided fair notice. Thus, the new claims should not relate back to the filing of the original Complaint.

(Defs.' Opp'n 24:7–12.)

Aside from the fact Defendants fail to request specific relief as a result of the purported lack of any relation back, Defendants fail to show that the newly added claims do not relate back to the original pleading. As stated above, "a plaintiff need only plead the general conduct, transaction, or occurrence to preserve its claim against a defendant." *ASARCO*, 765 F.3d at 1006. Consequently, when Defendants were notified of litigation concerning the particular transaction or occurrence in the original complaint, Defendants were also responsible for knowing "that the whole transaction described in it will be fully sifted, by amendment if need be, and that the form of the action or the relief prayed or the law relied on will not be confined to their first statement." *See id.* at 1006 (internal quotation marks omitted). The allegations of a new theory in Plaintiff's amended complaint "involve[] the same transaction, occurrence, or core of operative facts involved in the original claim." *See Percy*, 841 F.2d at 978 (internal quotation marks omitted). Therefore, Defendants fail to demonstrate that there is any impropriety under Rule 15's relation-back doctrine. *See* Fed. R. Civ. P. 15(c)(1)(B).

## IV. CONCLUSION & ORDER

In light of the foregoing and taking into consideration the policy that "[t]he court should freely give leave when justice so requires," the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for leave to file an amended complaint. *See* Fed.

13cv3130

R. Civ. P. 15(a)(2).  Specifically, the Court denies Plaintiff's motion insofar as her pursuit of a §§ 226.7 and 512 claim in a manner using "regular rate of compensation" and "regular rate of pay" synonymously; pursuing the claim in that manner is futile. However, the Court grants the motion in all other respects.  Accordingly, Plaintiff shall file her SAC, revised in a manner consistent with this order, no later than **January 8, 2015**.

Furthermore, in anticipation of Plaintiff's amended complaint, the Court **TERMINATES AS MOOT** Defendants' currently pending motions to dismiss and strike.  (ECF No. 20.)  If Plaintiff fails to amend her complaint by the aforementioned deadline, Defendants shall file an *ex parte* application notifying the Court of such failure and requesting it to reinstate their motions to dismiss and strike no later than **January 15, 2015**.

**IT IS SO ORDERED.**

**DATED: December 18, 2014**

**Hon. Cynthia Bashant**
**United States District Judge**

- 12 -

13cv3130