# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA R. WERT, Individually and on Behalf of Other Members of the Public Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>U.S. Bancorp, *et al.*,<br><br>Defendants. | Case No. 13-cv-3130-BAS(BLM)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION; AND**<br><br>**(2) DENYING AS MOOT DEFENDANTS'** ***EX PARTE*** **MOTION TO REINSTATE MOTIONS**<br><br>**[ECF Nos. 38, 39]** |

On December 18, 2014, the Court issued an order granting in part and denying in part Plaintiff Monica Wert's motion for leave to file a Second Amended Complaint ("December Order"). Plaintiff's request was mostly granted except for a nuanced application of specific language regarding the scope of relief available. Plaintiff now moves for reconsideration of the Court's December Order. Defendants U.S. Bancorp and U.S. Bank National Association oppose.

For the following reasons, the Court **DENIES** Plaintiff's motion for reconsideration, and **DENIES AS MOOT** Defendants' *ex parte* application to reinstate their motions to dismiss and strike.

## I. LEGAL STANDARD

Once judgment has been entered, reconsideration may be sought by filing a motion under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure 60(b) (motion for relief from judgment). *See Hinton v. Pac. Enter.*, 5 F.3d 391, 395 (9th Cir. 1993).

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). However, a motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id.* It does not give parties a "second bite at the apple." *See id.* "[A]fter thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. *Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342-L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009) (Lorenz, J.).

Similarly, Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances. *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir.1994) (citing *Ben Sager Chem. Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)). Under Rule 60(b), the court may grant reconsideration based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). That last prong is "used sparingly as an equitable remedy to prevent manifest

injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007).

District courts also have the inherent authority to entertain motions for reconsideration of interlocutory orders. *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) ("[I]nterlocutory orders . . . are subject to modification by the district judge at any time prior to final judgment."); *see also* Fed. R. Civ. P. 54(b); *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989). To determine the merits of a request to reconsider an interlocutory order, the court applies the standard required under a Rule 59(e) reconsideration motion. *See Hydranautics v. FilmTec Corp.*, 306 F. Supp. 2d 958, 968 (S.D. Cal. 2003) (Whelan, J.).

## II.     ANALYSIS

Plaintiff's request for reconsideration comprises mostly of arguments attempting to take a second bite at the apple. However, mere dissatisfaction with the Court's conclusion is not appropriate grounds for reconsideration, and as such, those arguments will not be considered. *See ACandS*, 5 F.3d at 1263. That said, the impact of *Murphy v. Kenneth Cold Productions, Inc.*, 40 Cal. 4th 1094 (2012), warrants further discussion.

In *Murphy*, the California Supreme Court addressed whether the "additional hour of pay" language provided for in § 226.7 constituted a wage or a penalty in the context of deciding what statute of limitations governed the plaintiff's claims. *Murphy*, 40 Cal. 4th at 1102. A three-year statute of limitations applies to wages while a one-year statute of limitations governs claims for penalties.[1] *Id.* (citing Cal. Civ. Proc. Code §§

---

[1] The statute-of-limitations context already factually distinguishes this case from *Murphy* because the "wages" discussed in this case are not in the statute-of-limitations context, and Plaintiff fails to present in any detail other binding legal authority expanding *Murphy*'s holding beyond the statute-of-limitations context. *See Aleman v. AirTouch Cellular*, 209 Cal. App. 4th 556, 576 (2012) ("The issues presented to the Supreme Court in *Murphy* were the applicable statute of limitations for a claim made pursuant to section 226.7[.]").

338(a), 340(a)). After reviewing the statute's plain language, administrative and legislative history, and "compensatory purpose of the remedy," the court concluded that the "'additional hour of pay' is a premium wage intended to compensate employees, not a penalty." *Id.* (citation omitted).

Though the California Supreme Court did not explicitly include the "regular rate of compensation" language in its holding, it did note in a footnote that the California Legislature "has frequently used the words 'pay' or 'compensation' in the Labor Code for 'wages[,]'" and that "[t]he same is true of the IWC wage orders." *Murphy*, 40 Cal. 4th at 1104 n.6. Thus, to Plaintiff's credit, she is correct that the wage / penalty distinction is not one that is entirely relevant in interpreting the "regular rate" languages in §§ 226.7 and 510. As a consequence, this Court's reliance on the wage / penalty distinction was not supported the California Supreme Court's decision. Nonetheless, the outcome remains unchanged.

What *Murphy* did not say is that § 226.7's "regular rate of compensation" language is synonymous with § 510's "regular rate of pay" language for the purposes of relief calculation. *Murphy*'s conclusion is merely that the "additional hour of pay" language—and presumably, by extension, the "regular rate of compensation" language—is a wage, which is fully consistent with this Court's conclusion in the December Order. Just because all relief resulting from §§ 226.7 and 510 are wages does not necessarily or logically lead to the conclusion that the relief prescribed by §§ 226.7 and 510 are the same.

Though Plaintiff devotes most of her attention on the Court's reliance on *Corder v. Houston's Restaurants, Inc.*, 424 F. Supp. 2d 1205 (C.D. Cal. 2006), discounting *Bradescu v. Hillstone Restaurant Group, Inc.*, No. SACV 13-1289, 2014 WL 5312546 (C.D. Cal. Sept. 18, 2014), this Court finds that *Bradescu*'s conclusion is just as applicable now as it was before. "[T]here is no authority supporting the view that 'regular rate of compensation,' for purposes of meal period compensation, is to be interpreted the same way as 'regular rate of pay' is for purposes of overtime

compensation." *See Bradescu*, 2014 WL 5312546, at * 8. That lack of legal authority remains. In the absence of legal authority stating that the § 226.7's "regular rate of compensation" language is the same as the § 510's "regular rate of pay" language, this Court reiterates its previous determination that the legislature's choice of different language is meaningful,[2] and that the relief under § 226.7 is not necessarily or logically the same as the relief under § 510 insofar as the "regular rate" language is involved.[3] *See id.*

### III.  CONCLUSION & ORDER

Beginning with the undisputed premise that the "regular rate of pay" language from § 510 "takes into account compensation beyond the normal hourly rate, including commissions and non-discretionary bonuses, the Court concluded that "it would be futile to grant leave to Plaintiff to pursue her proposed § 226.7 claim seeking an award based on the synonymous use of 'regular rate of compensation' and 'regular rate of pay.'" (*See* December Order 5:15–17, 8:1–9.) *Murphy* is consistent with that conclusion.

Moreover, the Court reiterates that its conclusion does not necessarily mean Plaintiff's §§ 226.7 and 512 claim as articulated in the proposed SAC would be futile in their entirety. (*See* December Order 8:1–9.) The parties did not address the possibility that there is a cognizable claim under §§ 226.7 and 512 beyond the synonymous use of "regular rate of compensation" and "regular rate of pay." (*See id.*) Thus, the Court did not conclude that Plaintiff's proposed §§ 226.7 and 512 claim is futile in its entirety. (*See id.*) In other words, Plaintiff may amend her § 226.7 claim,

---

[2] Further highlighting the differences in statutory language between §§ 226.7 and 510 is that § 226.7 does not provide a "one-to-one ratio . . . between the economic injury caused by meal and rest period violations," while § 510 does. *See Murphy*, 40 Cal. 4th at 1112-13.

[3] It is probably evident that this Court rejects Plaintiff's exhortation to follow *Studley v. Alliance Healthcare Services, Inc.*, No. SACV 10-00067 (C.D. Cal. July 26, 2012). But for Plaintiff's edification, the Court will make it clear: the Court does not find *Studley*'s reasoning persuasive and declines to follow it.

just not under the interpretation that § 226.7's "regular rate of compensation" is synonymous with § 510's "regular rate of pay." She is permitted to amend her § 226.7 claim within those boundaries. (*See* Pl.'s Mot. 2:4–5 ("Plaintiff should be allowed to proceed with her meal period claims at this motion to amend stage[.]").)

Because Plaintiff fails to demonstrate entitlement to reconsideration, the Court **DENIES** her motion for reconsideration. (ECF No. 38.) Plaintiff is given leave to file her Second Amended Complaint in a manner consistent with the December Order and this one no later than **June 16, 2015**. Consequently, the Court **DENIES AS MOOT** Defendants' *ex parte* application to reinstate their motions to dismiss and strike. (ECF No. 39.)

**IT IS SO ORDERED.**

**DATED: June 9, 2015**

                                       *[signature]*
                                       **Hon. Cynthia Bashant**
                                       **United States District Judge**