# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA R. WERT, Individually and on Behalf of Other Members of the Public Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANCORP, *et al.*,<br><br>Defendants. | Case No. 13-cv-3130-BAS(BLM)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>**[ECF No. 46]** |

On November 13, 2013, Plaintiff Monica R. Wert commenced this employment class action against Defendants U.S. Bancorp and U.S. Bank National Association ("U.S. Bank") in the San Diego Superior Court. Thereafter, Defendants removed this action to this Court. Defendants now move to dismiss Plaintiff's third claim for relief for violation of California Labor Code § 512 brought under the Private Attorney General Act of 2004 ("PAGA") asserted in the Second Amended Complaint ("SAC"). Plaintiff opposes.

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). For the following reasons, the Court **DENIES** Defendants' motion to dismiss.

//

## I. BACKGROUND

"[W]ithin the last year," Plaintiff alleges that she worked for Defendants as a bank teller. (SAC ¶ 24.) According to Plaintiff, she complied with the exhaustion requirements of the Private Attorney General Act of 2004 by "providing notice by certified letter on October 7, 2013, to Defendants and the LWDA concerning the PAGA claims Plaintiff intends to pursue." (*Id.* ¶ 13(e).)

Plaintiff asserts her third claim for relief on behalf of herself and other current and former employees similarly situated for Defendants' alleged failure to provide compliant meal periods under California Labor Code § 512. (*See* SAC ¶ 64-78.) Specifically, Plaintiff alleges:

> During the year preceding the filing of Plaintiff's PAGA exhaustion letter through the present, as well as during the year preceding the filing of the original Complaint in this action, Plaintiff was a non-exempt, hourly-paid employee of Defendants who was regularly scheduled to work, and did work, more than five hours in a work day/work period. There were days where Plaintiff worked more than five hours, she was not provided with meal periods, and was, in fact, prevented from taking her meal periods due to work. Specifically, Plaintiff was unable to take her meal periods because she was required to attend to client needs, was required to cover the bank, and was required to complete urgent tasks assigned to her. In these instances, Plaintiff's work prevented her from taking any meal period whatsoever, or, a timely meal period within the first five hours of work. These missed and/or late meal periods were caused by work restrictions—not Plaintiff's desire or choice to skip or delay meal periods. Plaintiff did not waive her meal periods.

(SAC ¶ 67.) Plaintiff alleges the same facts as to Defendants' other non-exempt, hourly-paid employees in California. (*Id.* ¶ 71.)

Plaintiff also alleges that the specific dates on which Defendants failed to provide meal periods to Plaintiff and other current and former non-exempt California employees in accordance with § 512 can be ascertained through a review

of Defendants' time and pay records. (SAC ¶¶ 68, 72.) She further alleges that Defendants' failures to provide meal periods were documented on employees' itemized wage statements through the payment of "Penalty Py" and/or "other pai." (SAC ¶¶ 69, 73.)

Plaintiff maintains that Defendants' "[p]ayment of an extra hour of compensation under California Labor Code § 226.7 does not remedy a violation of California Labor Code § 512." (SAC ¶ 74.)

## II.   LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting

*Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alteration in original). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statutes on other grounds). Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions. *Id.* It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

### III. DISCUSSION

Defendants seek to dismiss Plaintiff's claim for PAGA penalties for Defendants' alleged failure to provide compliant meal periods on the grounds that the claim is both legally and factually unsupported. (Defs.' Mot. 1:2-4.) Specifically, Defendants argue that Plaintiff seeks impermissible double recovery where Defendants already paid their employees meal-period penalties under California Labor Code § 226.7.[1] (*Id.* at 1:5-9.) They argue that it would be

---

[1] California Labor Code Section 226.7(c) provides, "[i]f an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of

1  "contrary to law and basic fairness" to award PAGA penalties where Plaintiff
2  already received meal-period penalties. (*Id*. at 1:6-10.) Defendants also argue that
3  Plaintiff fails to allege sufficient facts to support her claim because she did not
4  adequately plead the frequency of the alleged meal-period violations. (*Id*. at 1:16-
5  19.) The Court will address each argument below.

### A.  Availability of PAGA Penalties and Statutory Penalties for Meal-Period Violations[2]

Plaintiff seeks PAGA penalties for Defendants' failure to provide compliant meal periods under California Labor Code § 512 even though Plaintiff agrees that Defendants already paid Plaintiff and other aggrieved employees some compensation for missed meal periods under § 226.7. (Pl.'s Opp'n 9:5-9.) Defendants argue that Plaintiff cannot recover these PAGA penalties because PAGA applies only to Labor Code sections that do not contain a penalty provision. (Defs.' Mot. 5:24-25.) This interpretation is incorrect.

Under PAGA, aggrieved employees may bring civil actions personally and on behalf of other aggrieved employees to recover civil penalties that were previously recoverable only by the Labor and Workforce Development Agency ("LWDA"). Cal. Lab. Code § 2699(a); *see Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 378-82 (2014). When aggrieved employees recover PAGA

---

Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Cal. Lab. Code § 226.7(c).

[2] For the purposes of this order, "PAGA penalties" refers to the civil penalties that PAGA allows aggrieved employees to recover on behalf of the Labor and Workforce Development Agency, which were previously only recoverable by the LWDA. In the California Labor Code, penalties recoverable by or on behalf of the Labor and Workforce Development agency are referred to as "civil penalties." *See, e.g.*, Cal. Lab. Code § 2699(a). The California Supreme Court similarly refers to these penalties as "civil penalties." "Statutory penalties," however, exclusively refers to those penalties recoverable by individual employees *directly* under the Labor Code, which were recoverable before the PAGA's enactment. *See, e.g.*, Cal. Lab. Code § 226.7(c).

penalties, 75% of the recovered amount is distributed to the LWDA and 25% is distributed to the aggrieved employees. Cal. Lab. Code § 2699(i). These penalties available under PAGA are separate and distinct from the statutory penalties provided under other sections of the California Labor Code. *Iskanian*, 59 Cal. 4th at 381. Accordingly, employees may recover both statutory penalties *and* PAGA penalties for a Labor Code violation.[3] *See id.*; *Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal. App. 4th 365, 377-88 (2005).

PAGA provides, "[n]othing in this part shall operate to limit an employee's right to pursue or recover other remedies available under state or federal law, either separately or concurrently with an action taken under this part." Cal. Lab. Code § 2699(g)(1). This language establishes that PAGA penalties and other remedies are *not* mutually exclusive. Defendants incorrectly interpret the language in § 2699(f) as an instruction that PAGA only applies where the Labor Code does not elsewhere provide a penalty for the employer's violation.[4] (Defs.' Mot. 5:24-28, 6:1-2.) However, § 2699(f) merely states that the default civil penalty outlined in the Labor Code applies if a specific civil penalty is not already established for the Labor Code violation at hand. This default-penalty provision does not foreclose PAGA liability altogether whenever another section of the Labor Code provides a penalty for the violation.

Defendants point to this Court's previous statement that "PAGA is not meant to allow double recovery to a plaintiff." (Defs.' Mot. 9:22-23 (citing June 23, 2014 Order 6:6-7, ECF No. 18).) However, this Court did not yet have the guidance of

---

[3] The parties argue over whether § 226.7 provides penalties for § 512 violations and thus whether § 226.7 precludes PAGA recovery. These arguments are irrelevant because they rest on the incorrect premise that a plaintiff may only recover under PAGA where the Labor Code does not already provide for a penalty.

[4] Section 2699(f) provides, "[f]or all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions[.]" Cal. Lab. Code § 2699(f). The provision outlines that for employers who employ one or more employees, the civil penalty is $100 for each aggrieved employee for initial violations and $200 for each aggrieved employee for each subsequent violation. *Id.*

the California Supreme Court's opinion in *Iskanian*, which was issued on the same day as the Court's previous order.

In *Iskanian*, the California Supreme Court considered, among other issues, whether the Federal Arbitration Act preempts state law prohibiting waiver of PAGA representative actions. 59 Cal. 4th at 359-60. Before deciding the issue, the court examined PAGA's legislative history and purpose. *Id.* at 378-82. It stated, "[t]he civil penalties recovered on behalf of the state under PAGA are distinct from the statutory penalties to which employees may be entitled in their individual capacities." *Id.* at 381. To illustrate this point, the court drew a distinction between the statutory penalty provided under Labor Code § 203 and the civil penalty provided under Labor Code § 225.5. *Id.* at 381. The former obligates employers to pay a penalty equal to the employee's daily wages for each day that the employer fails to pay all wages upon termination, while the latter provides a civil penalty due to the Labor Commissioner in the event of an enforcement action for the employer's failure to pay all wages upon termination. *Id.* Based on this distinction, the court suggested that employees may recover both statutory penalties, which they were entitled before the enactment of PAGA, *and* civil penalties, which they can now recover on behalf of the LWDA under PAGA. *See id.*

PAGA's legislative history supports the conclusion that employees may recover both civil penalties and statutory penalties for the same violation. As *Iskanian* discussed, the legislature enacted PAGA in response to two problems: (1) many Labor Code provisions were unenforced because they only provided for punishment in the form of criminal misdemeanors, with no civil penalties attached, and district attorneys rarely investigated Labor Code violations; and (2) even where the Labor Code did provide civil penalties, the LWDA did not have the resources to pursue every violation. *See* 327 P.3d at 146; S. Judiciary Com., Analysis of S. Bill No. 796 (Reg. Sess. 2003–2004) *as amended* Apr. 22, 2003. The legislature enacted PAGA to empower private citizens to bring enforcement actions and

1 recover civil penalties on behalf of the LWDA, not to provide recovery for
2 individual employees. This interpretation is the most sensible given that if
3 aggrieved employees were required to choose between bringing enforcement
4 actions under PAGA, in which they can only recover 25% of the civil penalty
5 provided for each violation, or individual actions for statutory penalties, in which
6 they can recover the whole statutory penalty for each violation, it is unlikely that
7 they would ever choose the former. Requiring employees to choose between
8 PAGA versus statutory penalties would essentially eviscerate the effectiveness of
9 PAGA.[5]

10 Moreover, *Iskanian* approvingly cites *Caliber*, 134 Cal. App. 4th at 378,
11 which unambiguously concluded that employees may recover both statutory
12 penalties under the Labor Code and civil penalties under PAGA for the same Labor
13 Code violation. *See Iskanian*, 59 Cal. 4th at 381; *Caliber*, 134 Cal. App. 4th at 378.
14 In *Caliber*, aggrieved employees sued their employer for many violations of the
15 Labor Code, seeking both statutory penalties and PAGA penalties. *Caliber*, 134
16 Cal. App. 4th at 369. The defendants demurred as to all causes of action on the
17 grounds that the aggrieved employees did not plead compliance with the
18 administrative prerequisites for filing suit under PAGA. *Id.* The court held that the
19 aggrieved employees were required to plead compliance for those causes of action
20 in which they sought PAGA penalties but not for those in which they sought
21 statutory penalties under the Labor Code. *Id.* at 378. It reasoned that there is a
22 difference between a request for statutory penalties provided under the Labor Code
23 and a demand for penalties previously recoverable only by the LWDA. *Id.* at 377.
24 The court stated, "[I]n sum, an employer is potentially liable for unpaid wages and
25 interest, statutory penalties *and* civil penalties for many violations of Labor Code

---

[5] Further, where the aggrieved employees receive only 25% of the PAGA penalties recovered, allowing PAGA penalties in addition to individual statutory penalties does not provide double recovery for the Plaintiff.

wage-and-hour provisions." *Id.* at 378. Thus, employees may recover individual statutory penalties provided under the Labor Code and civil penalties allowed under PAGA for the same violation.

In light of *Iskanian* and *Caliber*, this Court declines to follow *Ruleas v. Costco Wholesale Corp.*, No. 5:14-cv-02474, 2015 WL 1359326 (N.D. Cal. Mar. 25, 2015). In *Ruleas*, the court concluded that PAGA penalties are not available for § 512 violations because § 226.7 already provides a penalty for meal-period violations. 2015 WL 1359326, at *2. This conclusion rests on the incorrect assumption discussed above that employees cannot recover both statutory penalties under the Labor Code and civil penalties under PAGA for the same violation. *See id.* at *4. In reaching that determination, the *Ruleas* Court failed to square its analysis with *Iskanian* and *Caliber*; it appears that the court did not consider either case in reaching its conclusion.

In sum, this Court concludes that allowing aggrieved employees to recover individual statutory penalties under the Labor Code in addition to PAGA penalties on behalf of the LWDA for the same violation is consistent with PAGA's express statutory language, the California Supreme Court's interpretation, and the legislature's intent.

**B.     Effect of Defendants' Voluntary Payment of § 226.7 Penalties**

Defendants contend that their voluntary payment of statutory penalties under Labor Code § 226.7 cures their failure to provide legally-compliant meal periods under the Labor Code. However, that contention is incorrect; payment of penalties under § 226.7 does not cure meal-period violations under § 512. *Kirby v. Immoos Fire Protection, Inc.*, 53 Cal. 4th 1244, 1256 (2012).

//
//
//

Section 512 provides, in part:
> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.

Conversely, § 226.7 provides that an employer cannot require employees to work during their meal periods and establishes that "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Cal. Lab. Code § 226.7.

Thus, § 512 outlines the requirements for legally-compliant meal periods, and § 226.7 both prohibits employers from requiring employees to work during these meal periods and provides a remedy for employees who do not receive compliant meal periods. However, "section 226.7 does not give employers a lawful choice between providing *either* meal and rest breaks *or* an additional hour of pay." *Kirby*, 53 Cal. 4th at 1256 (emphasis in original). Consequently, an employer's voluntary payment of an additional hour of pay does not excuse a meal-period violation. *See id.*

In *Kirby*, the court concluded that a party who prevails on a § 226.7 claim is not entitled to attorney's fees under § 218.5 because a § 226.7 claim is not a claim for non-payment of wages.[6] *See id.* at 1259. The court reasoned that the employer violates § 226.7 by failing to provide proper meal and rest periods, not by failing to provide the additional hour of pay. *See id.* at 1256-57. It stated that employers do not have "a lawful choice between providing *either* meal and rest breaks *or* an

---

[6] Section 218.5(a) provides, "In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action." Cal. Lab. Code § 218.5(a).

additional hour of pay." *Id.* at 1256.

Because Defendants do not have a "lawful choice" between providing meal periods or an additional hour of pay, and based on the information before the Court, Defendants did not fully comply with the Labor Code when they failed to provide proper meal periods but instead voluntarily paid employees an additional hour of pay. *See id.* Defendants have unquestionably precluded any independent action by the aggrieved employees to recover statutory penalties under § 226.7, but they remain vulnerable to an enforcement action brought on behalf of the LWDA.

Accordingly, Plaintiff's claim for PAGA penalties for Defendants' failure to provide proper meal periods under § 512 is legally plausible notwithstanding the fact that Defendants have already paid their employees statutory penalties under § 226.7 for these very violations.

### C. Adequacy of Plaintiff's Factual Allegations

Turning now to the adequacy of Plaintiff's factual allegations related to the § 512 claim brought under PAGA, Defendants argue that Plaintiff's allegations are legally insufficient because she has not pled with any certainty the amount of times that she did not receive compliant meal periods. (Defs.' Mot. 10:26-28, 11:1-5.) However, the level of detail Defendants expect is not required so long as Plaintiff alleges enough facts "to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. Plaintiff need only include a short and plain statement showing that she is entitled to relief and giving Defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *See id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 (1957)) (internal quotation marks omitted).

Plaintiff satisfies the pleading requirements where she pleads eligibility for meal periods under § 512, explains that she was required to forego proper meal periods due to her job's demands, and alleges that Defendants' time and pay records reflect the times that she did not receive a proper meal period. (SAC ¶¶ 67-

69.) While Plaintiff's allegations are far from detailed, the pleading standards do not demand such detail of her. To expect Plaintiff to plead each and every violation that allegedly occurred routinely would not only unduly burden the Plaintiff but also offend the spirit of *Twombly*. Plaintiff cured the defects identified in this Court's June 23, 2014 Order, satisfying the *Twombly* pleading standard.

In the SAC, Plaintiff includes facts showing that she falls within the scope of Labor Code § 512 where she alleges, "Plaintiff was a non-exempt, hourly-paid employee of Defendants who was regularly scheduled to work, and did work, more than five hours in a work day/work period." (SAC ¶ 67.) Moreover, she cures the uncertainty of her allegations by adding that Defendants' time and pay records provide evidence of the specific dates on which Defendants failed to provide her with legally-compliant meal periods because they reflect the dates on which she received meal-period penalties. (SAC ¶ 68-69.) Plaintiff further alleges that she missed meal periods because she was required to perform work-related tasks and not because she voluntarily waived them. (SAC ¶ 67.) These allegations raise Plaintiff's claim above the speculative level.

As the time and pay records reflecting the alleged violations are within Defendants' control and available for their review, Defendants have fair notice of Plaintiff's claim and the grounds upon which it rests. *See Twombly*, 550 U.S. at 555.

## IV. CONCLUSION

In light of the foregoing, the Court **DENIES** Defendants' Motion to Dismiss.
**IT IS SO ORDERED.**

**DATED:  March 22, 2016**

Hon. Cynthia Bashant
United States District Judge